## LANGFORD *v.* BROADHEAD *et al.*

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. JOINDER OF PARTIES—JOINT COVENANT.

A contract under seal named W. as party of the first part, and defendant M. as party of the second part, and most of the covenants were between them exclusively, and related to the dissolution and settlement of a pre-existing partnership. The concluding covenant by M. was one by which he bound himself to pay all the firm debts, and save W. harmless on account thereof. Defendant B. joined in such concluding covenant, as follows: "And said B. joins in this contract, and puts his name and seal to the same, for the consideration of one dollar paid, * * * and for the purpose of joining with said" defendant "in indemnifying * * * W. against the outstanding liabilities of said firm, and * * * hereby agrees to keep said W. free and harmless from * * * said liabilities." *Held*, that the covenant of indemnity was joint, and that a suit would lie against M. and B. jointly.

2. COSTS—ALLOWANCE.

· Though the terms of the indemnity included "all costs, trouble, and expenses on account of" liabilities of the firm, yet this would include necessary costs only, and not costs paid by W. in cases where he compelled such firm creditors to resort to execution or supplementary proceedings to collect firm debts.

8. WITNESS—TRANSACTIONS WITH DECEDENTS.

In an action by the assignee of a contract of indemnity, brought after the death of the assignor, defendants (the indemnitors) cannot testify that they were induced to make the contract by the fraud of the assignor, as such testimony involves a transaction with a decedent, within the inhibition of Code Civil Proc. § 829.

Appeal from judgment on report of referee.

Action by John Langford against William Broadhead and William J. Morse to recover on a contract. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*C. R. Lockwood,* for appellants. *A. Hazletine,* for respondent.

DWIGHT, P. J. The action was on a contract, under seal, executed by the defendants and one Ezra Wood, Jr., since deceased. The contract named the latter as party of the first part, and the defendant Morse as party of the second part, and most of the covenants contained in it were between those parties exclusively, and related to the dissolution and settlement of a copartnership which had previously existed between them. But the concluding covenant on the part of Morse was one by which he bound himself to pay all the debts of the firm, and to save Wood harmless therefrom, and from all trouble and expense on account thereof; and in this covenant the defendant Broadhead joined in the following terms: "And said William Broadhead joins in this contract, and puts his name and seal to the same, for the consideration of one dollar to him in hand paid," etc., "and for the purpose of joining with the said Morse in indemnifying the said Wood against the outstanding liabilities of said firm; and said Broadhead hereby agrees to keep said Wood free and harmless from all said liabilities, including," etc., "and from all costs, trouble, and expense on account of the same." After the execution of the contract, several judgments were recovered against Wood and Morse on liabilities of the firm, which were collected by execution out of the property of Wood; and he subsequently assigned his claim for indemnity under the contract to the plaintiff. Wood died before the commencement of this action.

There is no force in the contention that the defendants were improperly joined in the action. Although as between themselves Morse was no doubt

the principal obligor, and Broadhead his surety, yet as to Wood their covenant of indemnity was expressly joint, and the action was properly brought against both.

The joint answer of the defendants set up the defense of fraud on the part of Wood, by which they were induced to enter into the contract of indemnity; and Broadhead, by a separate answer, interposed by way of amendment on the trial, averred similar fraud on the part of Wood and Morse conjointly, which induced him to unite with Morse in the execution of the contract. These two rather inconsistent defenses it was sought to sustain by the testimony of the two defendants, offered in behalf of both and of each of them. The testimony was objected to by the plaintiff under section 829[1] of the Code of Civil Procedure, and was very properly excluded. Under whatever guise proposed, the offer was nothing other than an attempt on the part of the defendants to establish by their own testimony personal transactions or communications between themselves and a deceased person, from whom the plaintiff derived his interest in the subject-matter of the action. In the nature of the case, the alleged fraudulent representation or conduct of the deceased which influenced the action of the defendants, or either of them, must have been a personal transaction or communication between the deceased and the defendant or defendants who sought to have the benefit of the testimony; and the testimony offered by the mouth of either of the defendants was in his own interest, either separately, or jointly with the other defendant. This brought the case strictly within the terms of the statute referred to, and justified the ruling of the referee. The principle that one partner is chargeable with the fraud of his copartner applies only to the partnership transactions. And the contract in question was not of that character; it was a contract of Broadhead with Wood and Morse as individuals, having separate and adverse interests.

One of the judgments collected out of the property of Wood was recovered in an action in the supreme court on two notes of the firm held by the administrator of the estate of Wood's father. Both defendants in the action were personally served. Neither made any defense or appearance therein. And the judgment included costs in case of default, which, together with sheriff's fees on execution,—amounting to $74.77,—were allowed by the referee, against the defendant's objection, in the amount recoverable by the plaintiff in this action. All the other judgments against Wood and Morse of which proof or mention is made were recovered in justice's court. In neither of the actions was any defense made, and only one of those judgments was paid by Wood, or charged to the defendants in this action. But the referee has allowed the claim of the plaintiff for the value of the services of an attorney, who testifies that he was employed by Wood in connection with these actions, and in supplementary proceedings to enforce the judgments therein. We think the allowance of costs and expenses in connection with any of the judgments recovered against Wood cannot be supported beyond the amount of costs entered in the two judgments paid by him. It is true, the terms of the indemnity are very broad, and include "all costs, trouble, and expense on account of" liabilities of the firm; but even this language will not be construed to cover costs and expenses unnecessarily or unreasonably incurred. It was no doubt proper for Wood to suffer the claims made against him to go into judgment, but not to drive the claimants to the levy of execution and sale of his property; and least of all to proceedings supplementary to execution in order to collect their judgments when recovered. The evidence fails to show the existence of circumstances which justified the expenses referred to, and we think they should not have been allowed against the defendants. In

---

[1] Section 829 provides that, in an action by one claiming through an assignment from a deceased person, no party interested in the event shall testify concerning a personal transaction or communication between the witness and the deceased.

the actions in justices' courts no defense was attempted; and, so far as it appears, the services charged for by the attorney for Wood were rendered in resisting proceedings supplementary to execution. The charges last mentioned amounted to $50.

We find no other error in the rulings or decision of the referee. The judgment should be affirmed if consent is given to deduct therefrom the sum of $74.77, with interest thereon from March 18, 1882, to August 22, 1887, and the further sum of $50. Judgment appealed from reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulate to modify the same by deducting from the face thereof the sum of $74.77, with interest from March 18, 1882, to August 22, 1887, and the further sum of $50; and, if so modified, affirmed, without costs of this appeal to either party.

All concur.